IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOMA REDDI,<br>    Petitioner<br>v.<br>CRAIG LOWE, *Warden, Pike County Correctional Facility*; THOMAS DECKER, *Field Office Director, United States Department of Homeland Security, Immigration and Customs Enforcement*; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>    Respondents | No. 3:11cv488<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court for disposition is the petition for a writ of habeas corpus (Doc. 1) and an emergency motion for a temporary restraining order (Doc. 2). The respondents have provided their response and the matter is ripe for disposition.

### **BACKGROUND**

Petitioner Soma Reddi ("Petitioner") is a citizen and native of Guyana. (Petition at 3 (Doc. 1)). Petitioner entered the United States on August 17, 1987 with a temporary visitor visa, allowing him to remain for six months until February 16, 1988. (Immigration Judge Decision, Ex. A, (Doc. 11-1)).

On March 24, 1998 Petitioner applied for asylum. (Id. at 1). On November 24, 1999, the immigration judge denied the application and granted Petitioner voluntary departure. (Id. at 19-20; Pet. at 4). Petitioner did not comply with the voluntary departure order, but appealed the decision to the Board of Immigration Appeals ("BIA") on December 15, 1999. (BIA Decision, Ex. B (Doc. 11-2); Pet. at 5). The BIA denied

Petitioner's appeal on April 2, 2002, extending Petitioner's order of voluntary departure until May 2, 2002.  (BIA Decision, Ex. B (Doc. 11-2); Pet. at 5).

On November 3, 2007, Petitioner married a naturalized U.S. citizen. (Pet. at 5).  On October 29, 2010, Petitioner requested that United States Immigration and Customs Enforcement ("ICE") file a joint motion with Petitioner to reopen his removal decision.  (ICE Decision, Ex. C (Doc. 11-3)).  ICE denied that request on December 1, 2010.  (Id.)

On March 9, 2011 ICE took Petitioner into custody.  (Pet. at 3-4). Petitioner is currently held at the Pike County Correctional Facility pending his removal.  (Id.)  Petitioner indicates that he has refused ICE's requests that he sign travel documents.  (Pet. at 6).

On March 11, 2011 Petitioner filed a "Motion to Reopen Removal Proceedings and Emergency Motion for Immediate Stay of Removal" with the BIA.  (Mot. to Reopen, Ex. D (Doc. 11-4); Pet. at 6-7).  On March 16, 2011, Petitioner filed this petition for a writ of habeas corpus and an emergency motion for a temporary restraining order.  (Docs. 1, 2). Through his petition, Petitioner requests that this court "issue a writ of habeas corpus to release him from his detention in the custody of the United States Department of Homeland Security Immigration and Customs Enforcement ('DHS-ICE')" and "set reasonable conditions for release of petitioner from his detention in federal custody." (Pet. at 2).  Specifically, the Petitioner requests that the court "[g]rant release of petitioner from custody, to be replaced by electronic monitoring or regular reporting, or any other feasible alternative[.]"  (Pet. at 8).  Through his emergency motion for a temporary restraining order, Petitioner requests that the court enjoin Respondents from moving Petitioner.  (Doc. 2).

On March 17, 2011, we ordered the Respondents to respond to the

2

petition for a writ of habeas corpus.  (Doc. 3).  The response was filed on March 25, 2011 and the Petitioner filed a reply on April 4, 2011, bringing the case to its present posture.  (Docs. 11, 14).

**JURISDICTION**

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993).  In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).

The court has jurisdiction over the petition for a writ of haeas corpus under 28 U.S.C. § 2241(c) because Petitioner challenges his detention.  See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 n.4 (3d Cir. 2005) ("An alien challenging the legality of his *detention* still may petition for habeas corpus.  See H.R. Conf. Rep. No. 109-72, at 175 (2005).").

**DISCUSSION**

The Respondents argue that we should deny the petition because Petitioner's detention is lawful and mandatory.  Respondents argue that Petitioner is still within his removal period, and that detention therefore is mandatory under 8 U.S.C. § 1231(a)(2).

Once an alien is ordered removed, the Attorney General must remove the alien from the United States within ninety days.  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the

United States within a period of 90 days (in this section referred to as the "removal period")."). Section 1231(a)(2) further provides that:

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(2). Thus, an alien must be detained during the ninety-day removal period and the Attorney General has no discretion over whether to detain the alien.

The ninety-day removal period during which an alien must be detained:

> begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The removal period may be suspended in certain cases, allowing for detention beyond the ninety-day period. See 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").

Section 1231(a)(6) provides for detention beyond the removal period under certain circumstances:

> An alien ordered removed who is inadmissible

4

>under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). Section 1231(a)(6), however, does not permit indefinite detention. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (holding that § 1231(a)(6) only allows Attorney General to detain an alien beyond the removal period for an amount of time reasonably necessary to effectuate removal, but recognizing that six months is presumptively reasonable).

Respondents argue that Petitioner's removal order became final on May 2, 2002– that is, the date that the BIA gave Petitioner for voluntary departure in its April 2, 2002 order denying Petitioner's appeal. Respondents argue that the ninety-day removal period did not run from that date however, because Petitioner did not comply with the order– Petitioner failed to voluntarily depart and has refused to apply for travel documents in good faith. See 8 U.S.C. § 1231(a)(1)(C), *supra*; see also Cisse v. Chertoff, Civ. No. 07-4972, 2008 WL 724339, *5 (D.N.J. Mar. 17, 2008) (in absence of Third Circuit precedent, adopting reasoning of Ninth Circuit that, when an alien fails to provide documentation necessary to complete removal, § 1231(a)(1)(C) operates as an exception to Zadvydas v. Davis, 533 U.S. 678 (2001) and extends the removal period until alien cooperates). Thus, Respondents argue, the removal period did not start until Petitioner was detained on March 9, 2011. According to Respondents, the Petitioner had only been detained for eight days, inclusive, by the date of the petition for a writ of habeas corpus, and therefore remained within the ninety-day removal period during which the Attorney General had no discretion but to detain the Petitioner.

Respondents argue, in the alternative, that even if the Petitioner's ninety-day removal period elapsed, they are authorized to detain Petitioner beyond the post-removal-period under 12 U.S.C. § 1231(a)(6).  Thus, Respondents argue, to the extent the court determines that Petitioner's ninety-day removal period elapsed at some point during the 3,240 days between May 2, 2002 and March 16, 2011, Petitioner fails to state a claim under Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

The Petitioner disagrees with the Respondents' calculation of the removal period.  According to the Petitioner, his removal order became administratively final on May 2, 2002– thirty days after the dismissal of his appeal by the BIA.  Thus, the ninety-day removal period began on May 2, 2002 and elapsed on July 31, 2002.  First, Petitioner argues that his refusal to obtain travel documents is not a valid basis to suspend the removal period under § 1231(a)(1)(C) because he was taking "proper steps for the purpose of securing cancellation of or exemption from such order of removal. . . ."  8 U.S.C. § 1253(a)(2).[1]  Second, Petitioner argues that the Respondents failed to provide him with a Notice of Failure to Comply under 8 C.F.R. §241.4(g)(1)(ii).[2]  The Petitioner argues that the Respondents' interpretation of the statute and regulations allow for indefinite detention.

Addressing the parties' arguments, we determine that the Petitioner's

---

[1] Technically, however, this section is an exception from the penalties of a fine and incarceration imposed under §1253(a)(1) for failure to depart or apply for travel documents.

[2] However,  8 C.F.R. §241.4(g)(1)(iv) states that "[t]he fact that the Service does not provide a Notice of Failure to Comply, within the 90-day removal period, to an alien who has failed to comply with the requirements of section 241(a)(1)(C) of the Act, shall not have the effect of excusing the alien's conduct."

ninety-day removal period has not elapsed because Petitioner has failed to cooperate with his removal. Petitioner refuses to sign travel documents, extending the removal period under § 1231(a)(1)(C). (Pet. at 6). Because the removal period has been extended by Petitioner's non-compliance, he must be detained in the interim. See § 1231(a)(2).

Even if Petitioner's removal period has elapsed, Petitioner has not made out a claim under Zadvydas v. Davis, 533 U.S. 678, 701 (2001) because, at the time of the filing of his petition, he had only been detained for eight days, which is far less than the sixth months presumed to be a reasonable amount of time to effectuate removal.[3] We also note that the Petitioner has filed a "Motion to Reopen Removal Proceedings and Emergency Motion for Immediate Stay of Removal" with the BIA. (Mot. to Reopen, Ex. D (Doc. 11-4); Pet. at 6-7). Accordingly, the petition will be denied.

**CONCLUSION**

For the reasons stated above, the petition for a writ of habeas corpus will be denied without prejudice to the Petitioner filing another petition after six months of detention if it appears that there is no significant likelihood of removal in the foreseeable future. The motion for a temporary restraining

---

[3] Regarding Petitioner's emergency motion for a temporary restraining order enjoining the respondents from moving Petitioner, we find that we have no jurisdiction to enjoin the Respondents from executing a removal order. See 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

order will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOMA REDDI,<br>          Petitioner<br>v.<br><br>CRAIG LOWE, *Warden, Pike County Correctional Facility*; THOMAS DECKER, *Field Office Director, United States Department of Homeland Security, Immigration and Customs Enforcement*; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>          Respondents | No. 3:11cv488<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this __13th__ day of April 2011, upon consideration of the petition for a writ of habeas corpus (Doc. 1) and the emergency motion for a temporary restraining order (Doc. 2) it is HEREBY **ORDERED** that the motions are **DENIED**. The Clerk of Court is directed to close this case.

**BY THE COURT:**

 s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

9